UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br>  v.<br>FRITZ KRAMER,<br>  Defendant. | Case No. 16-cr-00322-EJD (NC)<br><br>**ORDER DENYING EX PARTE APPLICATIONS AND MOTIONS FOR RULE 15 DEPOSITIONS OF FOREIGN WITNESSES** |

Defendant Fritz Kramer moves the Court to allow him to depose four prospective witnesses under Federal Rule of Criminal Procedure Rule 15(a). The issue is whether Kramer has shown that exceptional circumstances and the interests of justice warrant taking the foreign depositions. After briefing and a hearing, the Court, in its discretion, finds that Kramer has not met his burden and DENIES the motions for all four witnesses.

**I.  BACKGROUND**

**A.  Criminal Charges**

According to the indictment, Kramer attempted to defraud investors by soliciting investments in a project exporting gold and diamonds from the Democratic Republic of Congo (DRC) to Europe, despite knowing that the funds were not actually being directed to such a project. ECF 8. The Grand Jury has charged Kramer with eleven counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of commodities fraud in violation of 18 U.S.C. § 1348.

### B. Kramer's Motions

In two separate motions, Kramer moves under Federal Rule of Civil Procedure 15(a) to depose four foreign witnesses. The first motion contemplates deposing three witnesses in Switzerland, ("Swiss Mot.") and the second motion seeks to depose one witness in the DRC ("DRC Mot."). Both motions were filed under seal, and the government saw only the motion and declaration pertaining to Swiss witnesses before the hearing. Kramer claims that all four witnesses offer exculpatory evidence and are unavailable to testify in the United States, making Rule 15 depositions necessary.

The three Swiss witnesses are Kramer's cousin, Helena Halbheer-Kramer; brother, Rolf Kramer; and longtime friend, Elio Marazzi. Swiss Mot. at 6. Per Kramer's motion papers, all three would "attest to Mr. Kramer's belief in the gold and diamonds" and verify that other members of the export project, not Kramer, were the "fraudsters." *Id.* at 5. Furthermore, each witness has "known Mr. Kramer personally for much longer than the time period of this alleged fraud," and may therefore attest to the fact "that he is an honest person and did not act with any intent to defraud." *Id.* at 9. Ms. Halbheer-Kramer's purported value as a percipient witness is bolstered by the fact that Kramer lived with her during the alleged fraud. *Id*. Relevant for impeachment purposes, these potential deponents allegedly exchanged emails with the government's witnesses. *Id*. At the motion hearing, defense counsel further contended that each witness could attest to Kramer's poverty during the alleged crime period, supporting the argument that he did not take investors' money for himself.

According to Kramer, "none of the witnesses will agree to travel voluntarily to the United States at the time of trial," and they are beyond the Court's subpoena power. *Id.* at 10. Ms. Halbheer-Kramer "is elderly" and cannot travel to the United States for undisclosed "health reasons." *Id.* at 5. Though defense counsel acknowledged that Mr. Marazzi has not done anything that would subject him to prosecution, he supposedly fears he would be prosecuted if he came to the United States. Hearing on Mot. (Dec. 20, 2017). Mr. Marazzi also "expresses concern about his own health." *Id.* Rolf Kramer's alleged

Case No. 16-cr-00322-EJD                    2

refusal to come to the United States is based on "convenience" and "conflicting business obligations." *Id.*

The DRC witness is Emmanuel Kazadi Ilunga Mukutwa, who was allegedly involved in the gold export project and according to Kramer is responsible for "the very fraud for which Mr. Kramer is accused." DRC Mot. at 4–5. As with the Swiss witnesses, Mr. Mukutwa is beyond the Court's subpoena power and, according to defense counsel's "strong opinion," is unlikely to travel voluntarily to the United States. *Id.* at 9. Mr. Mukutwa "has indicated a willingness to travel to the United States for trial," conditioned on first shipping his stash of gold, but defense counsel insists that Mr. Mukutwa will not actually make the trip and "expose himself to the government's jurisdiction." *Id.* at 7.

### C. The Government's Opposition

The government opposed the application as to the Swiss depositions and did not know about the Mukutwa application until the hearing.

## II. STANDARD OF REVIEW

"A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a)(1). Thus, unlike in civil trials, in criminal cases, "depositions are not allowed merely for the purpose of discovery." *United States v. Rich*, 580 F.2d 929, 933–34 (9th Cir. 1978). Nevertheless, "[t]he district court retains broad discretion in granting a Rule 15(a) motion, and considers the particular circumstances of each case to determine whether the exceptional circumstances requirement has been satisfied." *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998) (internal citation and quotation marks omitted).

Factors to consider include the evidence's relevance and the witness's unavailability to testify at trial. *See United States v. Zuno-Arce*, 44 F.3d 1420, 1425 (9th Cir. 1995), as amended (Feb. 13, 1995); *United States v. Kelley*, 36 F.3d 1118, 1125 (D.C. Cir. 1994). "Moreover, there is typically some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates the defendant. *Kelley*, 36 F.3d at 1125 (citing *Guam v. Ngirangas*, 806

Case No. 16-cr-00322-EJD            3

1   F.2d 895, 897 (9th Cir. 1986)). However, there are no specific prerequisites or factors a
2   district court must consider; "Rule 15(a) only requires that the trial court find that due to
3   exceptional circumstances it is in the interest of justice that the testimony of a prospective
4   witness be taken and preserved for possible use at trial." *Omene*, 143 F.3d at 1170.

### III. DISCUSSION

The central issue is whether the facts support Kramer's argument that the would-be deponents offer relevant exculpatory testimony and will not be available for trial. The Court is unpersuaded that the facts demonstrate exceptional circumstances.

First, the facts do not indicate that the Swiss witnesses will be unavailable to testify at trial. Kramer's argument on this point amounts to a claim that Ms. Halbheer-Kramer's age and poor health, Mr. Marazzi's fear of prosecution, and Rolf Kramer's business plans will keep them from coming to trial. The supporting facts are scant. No one has concretely identified what Ms. Halbheer-Kramer's health status is, and no criminal charges are known to be contemplated against Mr. Marazzi. Rolf Kramer may or may not have conflicting business plans, but Kramer has not demonstrated that any such plans are so exceptional that they bar travel to the United States. Further undermining Kramer's position is his emphatic insistence that these three witnesses "are perhaps three of the closest people in the world to him." Hearing on Mot. (Dec. 20, 2017). While Kramer makes this point to emphasize that his representations to them must be true, it also suggests the witnesses are more likely to overcome any supposed barriers to travel and come through in support of their relative and friend (if they have useful testimony to offer).

Mr. Mukutwa is a closer call, but the facts similarly do not support Kramer's position that Mr. Mukutwa offers relevant and otherwise-unavailable testimony. One problem is that Mr. Mukutwa said in email the same thing he presumably would say at trial: that he has gold to export and needs investors' money before he can ship it. Kramer attached those statements as exhibits to his motion. More importantly, Kramer has offered only his defense counsel's opinion that Mr. Mukutwa would be unwilling to travel to the United States, despite Mr. Mukutwa's statement that he would be conditionally willing to

Case No. 16-cr-00322-EJD              4

make the trip.

In sum, there is no factual indication that anything other than inconvenience or unwillingness prevents any of the four potential deponents from testifying at Kramer's trial. Inconvenience is commonplace, not exceptional. Thus Rule 15 does not apply.

## IV.  CONCLUSION

Kramer has not established that exceptional circumstances warrant the taking of the requested depositions under Rule 15. The Court DENIES his motions.

Any party may object to this order within fourteen days under Federal Rule of Criminal Procedure 59(a).

**IT IS SO ORDERED.**

Dated:  December 21, 2017

_____
NATHANAEL M. COUSINS
United States Magistrate Judge