UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

UNITED STATES OF AMERICA

Case No. 5:16-cr-00322-EJD-1

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

KRAMER,

Defendant.

Re: Dkt. No. 490

Upon motion of [X] the defendant [ ] the Director of the Bureau of Prisons for a

reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable

factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the

Sentencing Commission,

**IT IS ORDERED** that the motion is:

**A. [ ] GRANTED**

[ ]  The defendant's previously imposed sentence of imprisonment of          is reduced

to          . If this sentence is less than the amount of time the defendant already

served, the sentence is reduced to a time served; or

[ ]  Time served.

If the defendant's sentence is reduced to time served:

[ ]     This order is stayed for up to fourteen days, for the verification of the

defendant's residence and/or establishment of a release plan, to make

appropriate travel arrangements, and to ensure the defendant's safe

release.  The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

[ ]       There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

[ ] The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

[ ] Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of [ ]  probation or [ ] supervised release of          months (not to exceed the unserved portion of the original term of imprisonment).

[ ] The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

[  ] The conditions of the "special term" of supervision are as follows:

[  ] The defendant's previously imposed conditions of supervised release are unchanged.

[  ] The defendant's previously imposed conditions of supervised release are modified as follows:

**B.** [  ] **DEFERRED** pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

**C.** [x] **DENIED WITHOUT PREJUDICE** after complete review of the motion on the merits.

**D.** [x] **FACTORS CONSIDERED (Optional),** if motion is Granted or Denied on the merits

**1. Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and Consistent with Applicable Policy Statements Issued by the United States Sentencing Commission in U.S.S.G. § 1B1.13**

**2. Applicable 18 U.S.C. 3553(a) Factors** *(Mark all that apply)*

[  ] The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
    [  ] Mens Rea [  ] Extreme Conduct    [  ] Dismissed/Uncharged Conduct
    [  ] Role in the Offense    [  ] Victim Impact
    [  ] ***Specific considerations:***

[  ] The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):

| | |
|---|---|
| [  ] Aberrant Behavior | [  ] Lack of Youthful Guidance |
| [  ] Age | [  ] Mental and Emotional Condition |
| [  ] Charitable Service/Good Works | [  ] Military Service |
| [  ] Community Ties | [  ] Non-Violent Offender |
| [  ] Diminished Capacity | [  ] Physical Condition |
| [  ] Drug or Alcohol Dependence | [  ] Pre-sentence Rehabilitation |
| [  ] Employment Record | [  ] Remorse/Lack of Remorse |
| [  ] Family Ties and Responsibilities | [  ] Other: *(Specify)* |

[  ]   Issues with Criminal History: *(Specify)*

[ ] To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*

[ ] To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*

[ ] To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*

[ ] To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*

[ ] To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D)) (Specify)*

[ ] To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*

[ ] To avoid unwarranted sentencing disparities among defendants *(18 U.S.C. § 3553(a)(6)) (Specify)*

[ ] To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*

[x] *Specific considerations*:

> Defendant Fritz Kramer has not met his burden of showing that his medical
> conditions, including but not limited to prostate cancer and residual effects of
> COVID-19, qualify as an "extraordinary and compelling" reason in support of his
> release.

> Mr. Kramer previously tested positive for COVID-19 on January 20, 2021 and has
> since been vaccinated.  Dkt. No. 490 at 4; Dkt. No. 509 at 2.  Although Mr. Kramer
> asserts that he continues to suffer residual effects of COVID-19, including recurrent
> fatigue, tinnitus, and brain fog, *id.* at 2, at a June 14, 2021 screening for COVID-19,
> Mr. Kramer denied any symptoms, and his medical records did not indicate any
> abnormal mental function.  Dkt. No. 523-3 at ECF pp.13–14.

> As to Mr. Kramer's prostate cancer, although his status is "high risk," it is not
> immediately apparent that his condition is terminal or even metastatic.  *See* Dkt. No.
> 490 at 5–6; Dkt. No. 495 at ECF p.20 ("No evidence of metastatic disease").  He has
> now undergone surgery to address the cancer, although his post-surgical prostate
> specific antigen levels remain elevated.  Dkt. No. 517 at 1–2.  Mr. Kramer notes that
> he is scheduled for follow-up appointments for further PSA testing and an oncology
> consult in the upcoming months.  *Id.* at 2.  The Court cannot say based on this record
> that Mr. Kramer's ability to "provide self-care" while in prison is "substantially
> diminishe[d]."  *See* U.S.S.G § 1B1.13, cmt. n.1 (A)(ii).

> Finally, the Court is concerned about Mr. Kramer's proposed release plan.  In
> particular, the stability and permanence of Mr. Kramer's proposed residence is not
> clear.  *Compare* Dkt. No. 498 at 2 *with* Dkt. No. 509 at 5.  There are few to no details
> on Mr. Kramer's ability to obtain medical care for his conditions in Michigan or his
> ability to attend future court hearings.

> For these reasons, Mr. Kramer's Motion for Sentence Reduction under 18 U.S.C. §
> 3582(c)(1)(A) is DENIED without prejudice to renewal upon further factual
> development concerning Mr. Kramer's prostate cancer condition, the permanence of
> his proposed residence in Michigan, his ability to obtain medical care in Michigan,
> and his ability to attend future court hearings.  Should Mr. Kramer wish to renew his
> motion, he need not file a formal application but may instead supplement his
> application with responses to the above concerns.

### 3.  Whether Defendant Is a Danger to the Safety of Another or to the Community, 18 U.S.C. § 3142(g)

[ ]   the nature and circumstances of the offense (18 U.S.C. § 3142(g)(1))
[ ]   the weight of the evidence against the person (18 U.S.C. § 3142(g)(2))
[ ]   the history and characteristics of the person (18 U.S.C. § 3142(g)(3))
[ ]   the nature and seriousness of the danger to any person or the community that would
     be posed by the person's release (18 U.S.C. § 3142(g)(4))
[ ] *Specific considerations:*

**E.  [  ]  DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all

administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed

since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: July 26, 2021

_____
Edward J. Davila
UNITED STATES DISTRICT JUDGE