UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:16-cr-00322-EJD-1 |
|---|---|
| Plaintiff, | **ORDER DENYING REQUEST FOR AUTHORIZATION TO FILE 18 U.S.C. § 2255 PETITION CONCURRENT WITH DIRECT APPEAL** |
| v. | |
| KRAMER, | |
| Defendant. | Re: Dkt. No. 488 |

Defendant Fritz Kramer, acting pro se, requests the Court permit him to proceed with filing an application for writ of habeas corpus under 18 U.S.C. § 2255 concurrently with his ongoing appeal of his conviction before the Ninth Circuit. Dkt. No. 488. As Kramer acknowledges in his brief, the Ninth Circuit has held that a "district court *should not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (citing *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959), *cert. denied*, 361 U.S. 938 (1960); *Nemec v. United States*, 184 F.2d 355 (9th Cir. 1950)) (emphasis original). The Court is not persuaded that Kramer's case presents an exceptional circumstance that warrants a departure from this general rule. The essence of Kramer's request, and what he proposes to raise in his § 2255 petition, is that he disagrees with the very commencement of a criminal case against him and its ultimate outcome, and that he continues to dispute the existence of any fraud or criminal act. The Court does not agree that any of Kramer's rights (i.e., to present his defense, to show evidence, to confront his accuser, and to a speedy trial) cannot be addressed through his appeal, save his right to effective assistance of counsel. The

Ninth Circuit has held that ineffective assistance of counsel does not constitute extraordinary circumstances that would justify a collateral habeas petition concurrent with appeal. *United States v. Green*, 10 F.3d 808, at *1 (9th Cir. 1993).

Furthermore, the Ninth Circuit has since stayed and administratively closed Kramer's appeal and remanded for proceedings related to newly discovered evidence and for consideration of Kramer's motion for compassionate release—both of which he cited as support for his motion. Dkt. No. 504. The Court has since denied the motion for compassionate release, appointed counsel for Kramer for the limited purpose of addressing the remand, and ordered the Government to produce relevant discovery. Dkt. No. 515. Judicial efficiency would not be served by permitting a § 2255 petition concurrent with these ongoing proceedings.

For the foregoing reasons, the Court DENIES Kramer's motion for authorization to file a § 2255 petition concurrent with his appeal.

**IT IS SO ORDERED.**

Dated: September 3, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cr-00322-EJD-1
ORDER DENYING REQ. FOR AUTH. TO FILE 18 U.S.C. § 2255 PETITION
2