United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRITZ KRAMER,<br><br>Defendant. | Case No.   5:16-cr-00322-EJD-1<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

At issue is whether the Court should issue a certificate of appealability under 28 U.S.C. § 2253(c).

Defendant Fritz Kramer, acting pro se, requested that the Court permit him to proceed with filing an application for writ of habeas corpus under 18 U.S.C. § 2255 concurrently with his ongoing appeal of his conviction before the Ninth Circuit. Dkt. No. 488. On September 3, 2021, the Court denied the motion. Dkt. No. 528. Kramer appealed that decision to the Ninth Circuit. Dkt. No. 529. In its September 24, 2021 Order, the Ninth Circuit stated that "[t]his case appears to arise under 28 U.S.C. § 2255 and thus is subject to the requirements of 28 U.S.C. § 2253(c)." Dkt. No. 531. The Ninth Circuit remanded for the limited purpose of granting or denying a certificate of appealability.

The Court finds that issuing a certificate of appealability is not appropriate because Kramer has not formally filed a § 2255 petition, and the Court has not ruled on any such petition. As the Court explained in its order denying Kramer's request to file such a petition, the Court was not persuaded that Kramer's case presented an exceptional circumstance that warranted a departure

Case No.: 5:16-cr-00322-EJD-1
ORDER DENYING CERTIFICATE OF APPEALABILITY
1

from the general rule that a "district court should *not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (emphasis original). The essence of Kramer's request, and what he proposed to raise in his § 2255 petition, was that he disagrees with the very commencement of a criminal case against him and its ultimate outcome, and that he continues to dispute the existence of any fraud or criminal act. The Court did not agree that any of Kramer's rights (i.e., to present his defense, to show evidence, to confront his accuser, and to a speedy trial) could not be addressed through his appeal, save his right to effective assistance of counsel, which the Ninth Circuit has held does not constitute extraordinary circumstances justifying a collateral habeas petition concurrent with appeal. *United States v. Green*, 10 F.3d 808, at *1 (9th Cir. 1993).

The Court further found that a concurrent habeas petition would not serve judicial efficiency, given that (1) the Court has denied Kramer's motion for compassionate release without prejudice, and (2) the Ninth Circuit has administratively stayed Kramer's merits appeal and remanded for the limited purpose of conducting proceedings relating to newly discovered evidence. *See* Dkt. No. 504. Those proceedings remain ongoing.

For the foregoing reasons, the Court finds that issuance of a certificate of appealability is not warranted at this time.

**IT IS SO ORDERED.**

Dated: September 30, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cr-00322-EJD-1
ORDER DENYING CERTIFICATE OF APPEALABILITY
2